IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:10-CR-80-FL-1
4:13-CV-233-FL

| | | |
|---|---|---|
| TOBIA MILA MOYE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | **(REDACTED)**[1] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This case comes before the court on petitioner's pro se motion (D.E. 109), pursuant to 28 U.S.C. § 2255 ("§ 2255"), to vacate, set aside, or correct his sentence ("petition") and the government's motion to dismiss (D.E. 115). Also before the court is petitioner's motion (D.E. 123) to amend his petition. These matters have been fully briefed[2] and were referred to the undersigned Magistrate Judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings ("§ 2255 Rules"). (*See* 2d D.E. dated 8 May 2014). For the reasons stated herein, it will be recommended that petitioner's motion to amend be denied, the government's motion to dismiss be granted, and the petition be dismissed.

---

[1] A sealed un-redacted version of this Memorandum and Recommendation will be filed contemporaneously herewith in accordance with applicable court procedural rules.

[2] In support of the petition, petitioner filed a supporting memorandum (D.E. 109-1). The government filed a memorandum (D.E. 116) in support of its motion to dismiss, and petitioner filed a response (D.E. 122) in opposition, which included as an exhibit the affidavit of Stye Coleman (D.E. 122-1). Petitioner included four exhibits with his motion to amend: excerpts from his memorandum in support of the instant petition (D.E. 123-1 at 2); excerpts from his presentence investigation report ("PSR") (D.E. 123-1 at 3-5); an excerpt from a summary of various changes to the United States Sentencing Guidelines and to statutory penalties for drug offenses by an unidentified source (D.E. 123-1 at 6); and excerpts from the transcript of the 7 November 2013 sentencing hearing in *United States v. Torrick Johntrelle Rodgers*, No. 4:11-CR-87-FL-1 (E.D.N.C.) (D.E. 123-1 at 7-14). The government filed a response (D.E. 124) in opposition to petitioner's motion to amend.

# BACKGROUND

## I. PETITIONER'S CONVICTION AND SENTENCE

On 9 September 2010, petitioner was charged in counts 1 and 3 to 6 of a multi-defendant indictment (D.E. 1) with the following: conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base (*i.e.*, crack), and a quantity of cocaine and marijuana, beginning on a date unknown, but no later than in or about 2005 and continuing to the date of the indictment, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (ct. 1); distributing 5 grams or more of cocaine base, and aiding and abetting the same, on or about 20 July 2010, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (ct. 3); distributing a quantity of cocaine base, and aiding and abetting the same, on or about 5 August 2010, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (ct. 4); distributing 28 grams or more of cocaine base, on or about 12 August 2010, in violation of 21 U.S.C. § 841(a)(1) (ct. 5); and distributing 28 grams or more of cocaine base, on or about 31 August 2010, in violation of 21 U.S.C. § 841(a)(1) (ct. 6). The indictment charged co-defendant Jamekia Duprell Hines with counts 2 to 4.

On 13 October 2011, pursuant to a plea agreement (D.E. 37), petitioner pleaded guilty (*see* Min. Entry at D.E. 36) to a one-count criminal information (D.E. 32), with the indictment to be dismissed at sentencing, charging him with conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base, beginning on a date unknown, but no later than in or about 2005 and continuing until on or about 3 July 2011, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On 24 October 2012, the court sentenced petitioner to a term of 122 months' imprisonment and 5 years' supervised release, and the indictment was dismissed pursuant to the plea agreement. (J. (D.E. 101) 1-3[3]). Petitioner did not appeal his conviction.

On 16 April 2016, the court granted (D.E. 130) petitioner's motion (D.E. 128) for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("U.S.S.G." or, in context, "Guidelines") § 1B1.10(c) based on U.S.S.G. Amendment 782 (modifying U.S.S.G. § 2D1.1(c) (Drug Quantity Table)), and reduced petitioner's sentence from 122 months to 102 months.

## II.     THE § 2255 PETITION AND THE MOTION TO AMEND

On 31 October 2013, petitioner timely filed his petition in which he asserts that he received ineffective assistance of trial counsel (Pet. 4[4]) on the grounds that counsel: (1) failed to challenge the court's application of a 10-year mandatory minimum to his sentence (Mem. 2-3 ¶ I.A.) ("Ground 1"); (2) failed to challenge the amount of drugs attributed to him under U.S.S.G. § 2D1.1(c)(2)[5] based on the allegedly false statements of co-conspirators (Mem. 3-4 ¶ I.B.; Resp. to Mot. to Dismiss 1-2) ("Ground 2"); and (3) failed to challenge the allegedly improper determination of his criminal history category (Mem. 4-7 ¶ I.C.) ("Ground 3").

---

[3] Citations herein to page numbers in all documents in the record are to those assigned by the court's CM/ECF electronic filing system.

[4] Although petitioner states only one general claim for ineffective assistance of counsel in the petition (*see* Pet. 4), he sets out three distinct claims of ineffective assistance of counsel in his supporting memorandum.

[5] All references herein to the Guidelines are to the 2011 edition, effective 1 November 2011, which was the edition applied in petitioner's sentencing. (*See* PSR 14 (indicating application of the 2011 edition)).

One year later, on 30 October 2014, petitioner filed a motion for leave to amend Grounds 2 and 3[6] of his petition. (*See* Mot. to Am. 5-6 ¶ 5 (proposed amendments to Ground 2); 3-4 ¶¶ 1-4 (proposed amendments to Ground 3)).

## DISCUSSION

## I.    APPLICABLE LEGAL PRINCIPLES

### A.    § 2255 Petitions Generally

Pursuant to § 2255, a prisoner may seek correction or vacation of a sentence on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A § 2255 motion must be filed within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

"In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 WL 4484447, at *1 (E.D.N.C. 25 Oct. 2010) (citing *Miller v. United*

---

[6] While petitioner labels his proposed amendment to Ground 2 as also amending Ground 1 (*see* Mot. to Am., title above ¶ 5), the proposed amendment relates only to Ground 2.

*States*, 261 F.2d 546, 547 (4th Cir. 1958)). Generally, an evidentiary hearing is required under § 2255 "[u]nless it is clear from the pleadings, files, and records that the prisoner is not entitled to relief." *United States v. Rashaad*, 249 F. App'x 972, 973 (4th Cir. 2007) (citing *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970)).

### B.   Motions to Dismiss under Rule 12(b)(6) in § 2225 Proceedings

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may consider a motion to dismiss pursuant to Rule 12(b)(6) challenging the legal sufficiency of a § 2255 motion. *See United States v. Reckmeyer*, No. 89-7598, 1990 WL 41044, at *4 (4th Cir. 2 Apr. 1990); Rule 12, § 2255 Rules (expressly permitting application of the Federal Civil Rules where "they are not inconsistent with any statutory provisions or these [§ 2255] rules"); Fed. R. Civ. P. 81(a)(4) (providing that the Federal Rules of Civil Procedure may be applied in § 2255 proceedings where a particular practice has not been specified by § 2255 and where such practice has "previously conformed to the practice in civil actions"); *see also Walker v. True*, 399 F.3d 315, 319 (4th Cir. 2005) (vacating district court's order allowing the government's motion to dismiss petitioner's motion under 28 U.S.C. § 2254 ("§ 2254")[7] because the district court did not properly apply the Rule 12(b)(6) standard when it failed to assume all facts pleaded by petitioner to be true and considered material not included in the petition).

A motion to dismiss should be granted only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). In analyzing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded allegations of the challenged pleading. *Nemet Chevrolet Ltd. v.*

---

[7] The Federal Rules of Civil Procedure may also be applied to § 2254 motions. *See* Rule 12, Rules Governing § 2254 Proceedings; Fed. R. Civ. P. 81(a)(4).

*Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (court must accept as true all factual allegations of the complaint). All reasonable factual inferences from the allegations must be drawn in plaintiff's favor. *Kolon Indus., Inc.*, 637 F.3d at 440 (citing *Nemet Chevrolet Ltd.*, 591 F.3d at 253). However, case law requires that the factual allegations create more than a mere possibility of misconduct. *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Iqbal*, 556 U.S. at 679). The allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Likewise, a pleading purporting to assert a claim is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal quotation marks omitted)).

### C.      Motions to Amend under Rule 15 in § 2225 Proceedings

As previously discussed, § 2255 proceedings are, in general, governed by the Federal Rules of Civil Procedure. *See* Rule 12, § 2255 Rules; Fed. R. Civ. P. 81(a)(4). Moreover, 28 U.S.C. § 2242 specifically provides that a § 2255 petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also United States v. MacDonald*, 641 F.3d 596, 616 n.12 (4th Cir. 2011) ("Rule 15 is applicable to § 2255 motions by way of 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(4), and Rule 12 of the [§ 2255 Rules].").

Where, as here, more than 21 days have passed after service of the government's motion to dismiss, Rule 15(a)(2) permits amendment of the petition only with the government's written

6

consent or leave of court. Fed. R. Civ. P. 15(a)(2). The Rule further provides that the court "should freely give leave when justice so requires." *Id.* Rule 15 is a "liberal rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); *Intown Props. Mgmt., Inc. v. Transcom, Ins. Co.*, 271 F.3d 164, 170 (4th Cir. 2001) (holding that Rule 15 should be construed liberally "so that claims can be adjudicated on the merits"). Leave to amend is to be granted in the absence of "bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (internal citations omitted). An amendment is deemed to be futile if it would not withstand a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (holding that if an amended complaint could not withstand a motion to dismiss, the motion to amend should be denied as futile).

Where proposed amendments to a pleading are submitted after expiration of the applicable statute of limitations, such amendments may be permitted pursuant to Rule 15(c) where they "relate back" to the claims in the original pleading. Under Rule 15(c)(1)(B), it must be shown that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In the context of amendments to a § 2255 petition, "[t]he fact that amended claims arise from the same trial and sentencing proceeding as the original [petition] does not mean that the amended claims relate back for purposes of Rule 15(c)." *Pittman*, 209 F.3d at 318; *see also Davenport v. United States,* 217 F.3d 1341, 1344 (11th Cir. 2000) (holding that an untimely § 2255 claim "must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings"). Rather, "in order to relate

back, the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Davenport,* 217 F.3d at 1344 (internal citations and quotations omitted).

### D.     Ineffective Assistance of Counsel

To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. The reviewing court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Concerning the second prong, a petitioner must show that he was prejudiced by the ineffective assistance. *Id.* In the sentencing context, "[p]rejudice exists when an error results in a longer sentence than would otherwise have been imposed." *United States v. Smith*, 497 F. App'x 269, 272 (4th Cir. 2012).

## II.     ABSENCE OF NEED FOR AN EVIDENTIARY HEARING

The court has considered the record in this case and applicable authority to determine whether an evidentiary hearing is needed to resolve the matters before the court. It finds that the existing record clearly shows that petitioner is not entitled to relief on his claims and that an evidentiary hearing is not needed. The court will therefore proceed without an evidentiary hearing.

## III.     PETITIONER'S MOTION TO AMEND

In his motion to amend, petitioner seeks to amend Grounds 2 and 3 of the original petition. The court will address the proposed amendments as part of its discussion of Grounds 2

and 3. For the reasons stated there, the proposed amendments are untimely, futile, or both. The motion to amend should accordingly be denied.

## IV. GROUND 1: COUNSEL'S FAILURE TO CHALLENGE THE COURT'S APPLICATION OF A MANDATORY MINIMUM SENTENCE

Petitioner contends that he received ineffective assistance because counsel failed to challenge the court's application of a mandatory minimum sentence based on conduct that is not attributable to the offense of conviction. Specifically, petitioner contends that the court erroneously imposed a 10-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A) by relying on an amount of cocaine supplied to him by Omar Fogg between November 2009 and September 2010 (*see* PSR 5 ¶ 13). Petitioner asserts that this amount of cocaine was not part of the conspiracy to which he pleaded guilty, but rather only relevant conduct that can be considered for the purpose of determining his Guidelines range. *See United States v. Estrada*, 42 F.3d 228, 232 (4th Cir. 1994) (holding that "[t]he mandatory minimum sentence is applied based only on conduct attributable to the offense of conviction").

As an initial matter, petitioner's challenge to application of a 10-year mandatory minimum is now moot because the court recently reduced his sentence to 102 months, which is, of course, less than 10 years. Accordingly, this claim is subject to dismissal on this basis alone.

Irrespective of mootness, this claim is without merit. Contrary to petitioner's contention, the applicability of the 10-year mandatory minimum to his sentence was not based on the drug quantities attributed to him in the PSR, but rather on the drug quantities specified in the criminal information and admitted to by petitioner in connection with his guilty plea. (*See* Plea Agrmt. ¶ 3.a.(1) (admitting that, as alleged in the criminal information, he conspired to traffic 5 kilograms or more of cocaine and 280 grams or more of cocaine base). As such, an issue related to the drug quantities attributed to him in the PSR provides no basis for a challenge to the court's imposition

9

of the 10-year mandatory minimum. *See, e.g.*, *United States v. Morejon*, No. 5:09CR00032-2, 2015 WL 1477765, at *5 (W.D. Va. 31 Mar. 2015) (holding that petitioner's assertion that the imposition of a statutory mandatory minimum was based on improper judicial fact-finding was without merit because the mandatory minimum was imposed based on the drug quantities admitted by defendant in pleading guilty). The failure of counsel to raise a meritless argument cannot form the basis of an ineffective assistance of counsel claim. *See Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996) ("[T]here can be no claim of ineffective assistance, where, as here, counsel is alleged to have failed to raise a meritless argument."). Accordingly, petitioner's claim is subject to dismissal on this alternative ground.

## V. GROUND 2: COUNSEL'S ALLEGED FAILURE TO CHALLENGE THE EVIDENCE USED TO SUPPORT THE DRUG AMOUNTS ATTRIBUTED TO HIM UNDER U.S.S.G. § 2D1.1(C)





[REDACTED]

**B. Proposed Amendments to Ground 2**

Petitioner seeks to amend the claim raised in Ground 2 to add more specific factual allegations and further legal argument. (*See* Mot. to Am. 5 ¶ 5).

First, he seeks to add factual allegations which identify, by name, three co-conspirators and the amount of drugs attributed to him based on their allegedly unreliable statements. (*See* Mot. to Am. 5 ¶ 5). The government contends that this proposed amendment is untimely because it comes more than a year after the judgment of conviction and does not relate back to the original petition. However, because these allegations merely supplement factual allegations in the original petition regarding the alleged unreliability of co-conspirator statements, the court concludes that these proposed amendments relate back to Ground 2, and, consequently, are timely under Rule 15(c)

Nevertheless, these proposed amendments would not remedy the deficiencies in Ground 2 previously discussed and are futile. Petitioner's contention that the quantity of drugs should have been reduced appears to be, again, based on petitioner's erroneous interpretation of the record of his sentencing proceedings. For example, petitioner alleges that the court should have

---

[13] As previously discussed, petitioner's sentence was later reduced to 102 months based on U.S.S.G. Amendment 782.

reduced the quantity of the cocaine base attributed to him by 5,276.33[14] grams. However, as previously discussed, counsel's efforts in challenging the drug amounts resulted in the court's reduction of the quantity of cocaine base to only 1,431.5 grams.

Petitioner also seeks to amend Ground 2 to add an argument based on a purported ruling made at the 7 November 2013 sentencing hearing in *United States v. Torrick Rodgers*, No. 4:11-CR-87-FL-1 (E.D.N.C.) (*see* Minute Entry at D.E. 83), which he contends requires the court to remove any drug quantities tainted by the involvement of Officer Edmonds. Because this proposed amendment is based on events that occurred long after petitioner's conviction and sentencing, it does not relate back to the ineffective assistance claim raised in the original petition. Accordingly, this proposed claim is untimely raised under § 2255(f)(1).

Apparently recognizing the potential untimeliness of this claim under § 2255(f)(1), petitioner asserts that it would be timely under § 2255(f)(4) because the purported ruling in *Rodgers* constitutes new evidence that he discovered when he was provided with a copy of the *Rodgers* sentencing transcript on 23 October 2014, which is less than one year from the filing of his motion to amend. But § 2255(f)(4) provides that the one-year period of limitation for § 2255 petitions runs from "the date on which the *facts* supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4) (emphasis added). Petitioner cites to *Rodgers* as a *legal* basis for the requested change in the drug quantity, not a *factual* basis. Thus, § 2255(f)(4) is inapplicable. Moreover, the limitations period that is governed by a change in law, § 2255(f)(3), applies only to rulings by the United States Supreme Court. As noted, it provides that the one-year limitations period runs from "the date on which

---

[14] This quantity of cocaine base is the sum of the quantities provided by the three named co-conspirators. (*See* Mot. to Am. ¶ 5 (seeking reductions of 250 grams (Clarence Mims); 1,417.5 grams (Randy Moye); 3,516.95 (Stye Coleman); and 91.88 grams (Stye Coleman))).

the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Thus, petitioner's proposed claim that the drug quantities must be reduced pursuant to *Rodgers* is untimely.

Even were the court to deem this proposed claim timely, it fails on the merits. Petitioner is mistaken that the court issued a ruling in the *Rodgers* case. Rather, as occurred at petitioner's own sentencing, the government, after consultation with Rodgers' counsel, voluntarily agreed to reduce the drug quantities set forth in the PSR because of Officer Edmonds' involvement with the evidence used to support those drug amounts. (*Rodgers* Sent. Tr. (D.E. 96) 4:12 to 5:15). Thus, the *Rodgers* case provides no legal basis for petitioner's proposed claim, and the motion to amend as to this claim is subject to denial on this alternative basis.

## VI. GROUND 3: COUNSEL'S ALLEGED FAILURE TO CHALLENGE THE DETERMINATION OF PETITIONER'S CRIMINAL HISTORY CATEGORY

### A. Claims Raised in the Original Petition

In Ground 3 of the original petition, petitioner asserts that counsel rendered ineffective assistance by failing to properly object to the determination of petitioner's criminal history category on the grounds that: (1) certain prior convictions were improperly considered under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc); and (2) his sentence was improperly enhanced under *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013). The court will address each of these grounds in turn below.

#### 1. *Simmons* Claim

Petitioner asserts that he received ineffective assistance because counsel failed to object to the improper application of petitioner's prior convictions in the determination of his criminal history category under *Simmons*. In *Simmons*, the Fourth Circuit held that when "deciding

whether to enhance federal sentences based on prior North Carolina convictions, . . . [courts look] to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history." *United States v. Powell*, 691 F.3d 554, 556 (4th Cir. 2012). Here, the court did not apply a statutory or Guidelines "enhancement" to petitioner's sentence on the basis of his prior state convictions. Rather, petitioner's criminal history points were calculated based on the length of the *actual* sentence of imprisonment imposed for those convictions. *See* U.S.S.G. § 4A1.2(b)(1) (defining "sentence of imprisonment" for the purpose of computing criminal history as "the maximum sentence *imposed*" (emphasis added)); *see also White v. United States*, No. 4:06-CR-068-FL-1, 2013 WL 97414, at *3 (E.D.N.C. 8 Jan. 2013) (holding that the effect of prior state convictions on a defendant's criminal history score is "an issue which is entirely distinct from the statutory and guidelines 'enhancements' potentially implicated by *Simmons*"). Because *Simmons* is inapplicable to the determination of petitioner's criminal history category, his claim of ineffective assistance of counsel on this ground is baseless and should be dismissed.

### 2. *Alleyne* Claim

Petitioner asserts that counsel failed to object to the determination of his criminal history category based on facts that were not proven to a jury beyond a reasonable doubt in violation of *Alleyne*. In *Alleyne*, "the Supreme Court held that any fact that increases the mandatory minimum [sentence] is an element of the offense that must be admitted by the defendant or proved beyond a reasonable doubt." *Jones v. United States*, No. 5:09-CR-259-FL-2, 2013 WL 5937446, at *2 (E.D.N.C. 4 Nov. 2013) (quoting *Alleyne*, 133 S. Ct. at 2155).

While petitioner acknowledges that *Alleyne* was decided after his conviction, he appears to contend that counsel should have raised this objection "in the spirit" of the later *Alleyne*

holding. (Mem. 7). This ineffective assistance of counsel claim is without merit because the Fourth Circuit has plainly held that "'an attorney's failure to anticipate a new rule of law [is] not constitutionally deficient.'" *United States v. Dyess*, 730 F.3d 354, 363 (4th Cir. 2013) (quoting *United States v. McNamara,* 74 F.3d 514, 516 (4th Cir. 1996)).

Ineffective assistance aside, were the court to construe petitioner's claim as raising a direct challenge to his sentence under *Alleyne,* petitioner would still be entitled to no relief because *Alleyne* is not retroactively applicable to cases on collateral review. *See Dunn v. United States*, No. 5:11-CR-274-FL, 2014 WL 6694060, at *2 (E.D.N.C. 26 Nov. 2014) (citing *United States v. Stewart*, 540 F. App'x 171, 172 n.l (4th Cir. 2013) ("We note that *Alleyne* has not been made retroactively applicable to cases on collateral review.")).

Nevertheless, the holding of *Alleyne* is substantively inapposite to application of the 10-year mandatory minimum to petitioner's sentence under 21 U.S.C. § 841(b)(1)(A) because, as previously discussed, this minimum was established based on facts to which petitioner admitted when he pleaded guilty. *See Morejon*, 2015 WL 1477765, at *5. To the extent that petitioner is challenging any enhancements to his sentence under the Guidelines, *Alleyne* is also inapposite. *See United States v. Benn*, 572 F. App'x 167, 179-80 (4th Cir. 2014) (holding that *Alleyne* has no application to fact-finding that results in a sentence enhancement under the Guidelines); *see also United States v. Ramirez-Negron*, 751 F.3d 42, 48 (1st Cir. 2014) ("[F]actual findings made for purposes of applying the Guidelines, which influence the sentencing judge's discretion in imposing an advisory Guidelines sentence and do not result in imposition of a mandatory minimum sentence, do not violate the rule in *Alleyne*."); *Vaughn v. United States*, No. 7:11-CR-85-D, 2015 WL 164760, at *4 (E.D.N.C. 13 Jan. 2015) (holding that *Alleyne* does not "impact a

17

court's ability to apply the advisory guidelines, including making findings of fact concerning drug weight that do not impact a statutory minimum or maximum").

For the foregoing reasons, petitioner's claim under *Alleyne* is without merit and should be dismissed.

### B.    Proposed Amendments to Ground 3

By his proposed amendments to Ground 3, petitioner now seeks to assert several additional errors in the criminal history determination that he contends counsel should have challenged. (*See* Mot. to Am. 3-4 ¶¶ 1-4). Read liberally, each of these proposed amendments would relate to petitioner's general contention in Ground 3 that counsel failed to object to the allegedly improper determination of petitioner's criminal history category. However, as indicated in the detailed discussion of these proposed amendments below, each pertains to errors that are distinct, both factually and legally, from those raised in the original petition. Accordingly, they do not relate back to the claim raised in Ground 3 and, therefore, are untimely under § 2255(f)(1). *See Newby v. United States*, No. 4:07-CR-51-FL, 2015 WL 1824246, at *4 (E.D.N.C. 22 Apr. 2015) (holding that a proposed new claim did not relate back to a claim in the original petition challenging a sentencing enhancement because the proposed new claim challenged an enhancement based upon "wholly separate conduct"), *appeal dismissed*, 620 F. App'x 196 (4th Cir. 2015).

In what appears to be an attempt to save these proposed amendments from being considered untimely, petitioner asserts that the alleged errors are "clerical errors," which may be corrected at any time pursuant to Fed. R. Crim. P. 36. Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or

18

omission." Fed. R. Crim. P. 36. Again, as indicated in the detailed discussion of the proposed amendments below, the errors complained of by petitioner do not constitute clerical errors, but rather substantive challenges to the calculation of his Guidelines range. Accordingly, Rule 36 provides no basis for deeming these amendments timely. *See McLees v. United States*, No. 2:12-CR-11-FL-1, 2016 WL 166101, at *2 (E.D.N.C. 14 Jan. 2016) ("[Rule 36] does not provide a vehicle for circumventing the statutory time limits for asserting substantive claims . . . under § 2255.").

Even if these proposed amendments were deemed timely, each is without merit for the reasons discussed below. Petitioner's motion to amend should therefore be denied as to each proposed amendment on the alternative basis of futility.

### 1. *Davis* Claim

In his first proposed amendment to Ground 3, petitioner asserts that he received ineffective assistance due to counsel's failure to object to the counting of two prior sentences separately and the addition of two criminal history points for each sentence, for a total of four points, rather than treating the sentences as a single sentence and adding a total of only two points, pursuant to U.S.S.G. § 4A1.2(a)(2).[15] Specifically, he contends that the counting of these sentences separately violates the Fourth Circuit's decision in *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013). Petitioner's proposed claim fails on multiple grounds.

---

[15] U.S.S.G. § 4A1.2(a)(2) provides, in relevant part, as follows:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

U.S.S.G. § 4A1.2(a)(2).

19

First, *Davis* was decided after petitioner's conviction in this case. Accordingly, petitioner's claim of ineffective assistance of counsel on this basis is without merit. *See Dyess*, 730 F.3d at 363 (holding that an attorney is not ineffective for failure to anticipate a new rule of law). Further, like *Alleyne*, *Davis* is not retroactively applicable to cases on collateral review. *See Lee v. United States*, Nos. 7:07-CR-79-D, 2013 WL 5561438, at *3 (E.D.N.C. 3 Oct. 2013) (holding that *Davis* "announced a purely procedural rule that is not retroactive on collateral review").

However, even if *Davis* were deemed to have retroactive effect, petitioner's assertion that criminal history points were improperly assigned under *Davis* is without merit. In *Davis*, the Fourth Circuit held that where, under North Carolina law, a defendant receives a consolidated sentence for two separate offenses, such sentence must be counted as a single sentence for the purpose of application of the career offender enhancement under U.S.S.G. § 4B1.1. *Id.* at 217. The holding in *Davis* also applies to the counting of sentences for the purpose of assignment of criminal history points under § 4A1.1 because sentences are counted for that purpose in the same manner as sentences for the purpose of application of the career offender enhancement. *See* § 4B1.2, Appl'n n.3 (incorporating by reference the sentence counting provisions of § 4A1.2 for the purpose of application of the § 4B1.1 career offender enhancement); *see also United States v. Austin*, 595 F. App'x 226, 229 (4th Cir. 2015) (applying the holding in *Davis* in determining that the district court improperly counted consolidated North Carolina sentences separately for the purposes of assigning criminal history points under § 4A1.1); *United States v. Fenner*, 575 F. App'x 156, 158 (4th Cir. 2014) (same).

The prior convictions at issue here are for larceny of a motor vehicle and defrauding a drug screening test. On 5 December 2003, petitioner was sentenced to 5 to 6 months' custody,

suspended, and 12 months' probation for the larceny offense. (PSR ¶ 24). On 14 December 2004, he was arrested for the drug-screening offense. (PSR ¶ 27). On 12 September 2005, he was sentenced to 60 days' custody for this offense. (*Id.*). On the same day, his probation for the larceny conviction was revoked, and he was sentenced to 5 to 6 months' custody. (PSR ¶ 24). Thus, the PSR plainly shows that petitioner did not receive a consolidated sentence for the subject convictions, and, accordingly, they were properly counted as separate sentences under *Davis*.

The sentences were otherwise properly treated as separate under § 4A1.2. Pursuant to § 4A1.2(a)(2), the sentences for these two convictions are counted separately because, as described, they were separated by an intervening arrest. *See* U.S.S.G. § 4A1.2(a)(2) ("Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense)."). Further, while petitioner's probation for the first, larceny conviction was revoked on the same day that he was sentenced for the second, drug-screening conviction—12 September 2005—the sentence for the drug-screening conviction is counted separately. *See* U.S.S.G § 4A1.2, Appl'n n.11 (explaining that "[i]f . . . at the time of revocation [for a prior sentence] another sentence was imposed for a new criminal conviction, that conviction would be computed separately from the sentence imposed for the revocation").

For the reasons discussed, the sentences for the subject convictions were properly counted as separate sentences under both *Davis* and § 4A1.2. Accordingly, petitioner's proposed claim of ineffective assistance on this ground is without merit.

## 2. Criminal History Points for Relevant Conduct

Petitioner seeks to add a claim that he received ineffective assistance of counsel due to counsel's failure to object to the assignment of two criminal history points for his 21 March 2006 state drug trafficking conviction (PSR ¶ 26) because it involved conduct related to the instant offense. Specifically, petitioner contends that this 2006 conviction "was well within the conspiracy time frame [for the instant offense], seeing that the conspiracy was dated back to 2005-2011." (Mot. to Am. 3 ¶ 2).

Under U.S.S.G § 4A1.1, the determination of a defendant's criminal history category is based on a defendant's prior sentences of imprisonment. Section 4A1.2(a)(1) defines a "prior sentence" as "any sentence previously imposed . . . *for conduct not part of the instant offense*." U.S.S.G. § 4A1.2(a)(1) (emphasis added). This section further specifies that "[c]onduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct)." U.S.S.G. § 4A1.2(a)(1), Appl'n n.1. "A conviction is properly considered a prior sentence under § 4A1.2(a)(1) if the prior sentence and present offense 'involve conduct that is severable into two distinct offenses.'" *United States v. Abed*, Nos. 98-4637, 98-4642, 98-4647, 98-4648, 98-4649, 98-4670, 2000 WL 14190, at *15 (4th Cir. 10 Jan. 2000) (quoting *United States v. McManus,* 23 F.3d 878, 888 (4th Cir. 1994)). Further, a determination of whether the prior sentence and present offense are severable "requires a fact-specific inquiry that requires consideration of 'the temporal and geographical proximity of the two offenses, common victims, and a common criminal plan or intent.'" *Id*. (quoting *United States v. Beddow,* 957 F.2d 1330, 1338 (6th Cir. 1992)).

Petitioner incorrectly argues that his 2006 *conviction* falls within the conspiracy time frame of 2005 to 2011 he posits because, as discussed above, the relevant query is whether the

Case 4:10-cr-00080-FL   Document 136   Filed 05/27/16   Page 22 of 27

*conduct* underlying the 2006 conviction, which occurred on 22 April 2004, falls within the conspiracy time frame. Accordingly, petitioner's contention, as alleged, fails on the merits.

While petitioner states the conspiracy time frame as 2005 to 2011, the criminal information alleges that the conspiracy occurred "*[f]rom a date unknown, but no later than in or about 2005*, and continuing until on or about July 3, 2011."[16] (Inform. 1 (emphasis added)). Thus, as charged, the conspiracy could have begun at any time before 2005. Because the date of offense for the state conviction was 22 April 2004, it is possible that the conduct underlying that offense could have occurred during the time frame of the charged conspiracy. However, petitioner has failed to allege any facts demonstrating that the conspiracy had begun by 22 April 2004. Nor does the PSR contain information indicating that the conspiracy began prior to 2005. (*See* PSR ¶ 13 (describing offense conduct occurring no earlier than 2005)).

But the fact that the state offense conduct may have occurred during the charged conspiracy time frame, standing alone, is insufficient to qualify it as relevant conduct. It must also be shown that the state offense conduct relates to the charged conspiracy on the basis of the "geographical proximity of the two offenses, common victims, and a common criminal plan or intent." *See Abed*, 2000 WL 14190, at *15 (internal citations and quotations omitted). Petitioner has failed to allege any facts demonstrating a relationship between the state offense conduct and the charged conspiracy on these additional grounds.

For the foregoing reasons, the court concludes that petitioner has failed to demonstrate that the subject state offense involved conduct that was part of the charged conspiracy such that the assignment of two criminal history points for that offense was improper. Accordingly, petitioner's proposed claim of ineffective assistance of counsel on this ground is without merit.

---

[16] The plea agreement states the conspiracy time frame as "[f]rom in or about 2005 and continuing until on or about July 6, 2011." (Plea Agmt. 4 ¶ 3.a.(3)).

Even if assignment of the two criminal history points were deemed erroneous, petitioner has not demonstrated that he suffered any resulting prejudice in satisfaction of the second prong of *Strickland*. Notably, had these two points been removed, thereby reducing his total criminal history points from 12 to 10, his criminal history category of V would not have changed. *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table (providing for a criminal history category of V where the total criminal history points are 10 to 12).

Petitioner appears to assert that the failure to classify the state offense as involving relevant conduct deprived him of the opportunity to receive credit for time served on the sentence for that offense pursuant to U.S.S.G. § 5G1.3 ("Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment"). However, by its express terms, § 5G1.3 provides for credit only for a period served on an undischarged term of imprisonment. Petitioner's term of imprisonment for the state offense was discharged on 3 September 2009, prior to his sentencing on the instant offense. (PSR ¶ 26). Accordingly, U.S.S.G. § 5G1.3 is inapplicable to the state offense. *See United States v. Burris*, No. 97-4840, 2000 WL 799383, at *1 (4th Cir. 22 June 2000) ("Section 5G1.3 is only concerned with undischarged sentences.").[17]

---

[17] The court notes that U.S.S.G. § 5K2.23 does give the court authority for a discretionary downward departure if a discharged term would otherwise qualify for credit under § 5G1.3(b) if it had been undischarged. Section 5K2.23 provides as follows:

> A downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of §5G1.3 (Imposition of a Sentence on a Defendant Subject to Undischarged Term of Imprisonment) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.

U.S.S.G § 5K2.23. However, the grant of a downward departure under § 5K2.23 is a matter committed to the sentencing court's discretion. *See, e.g.*, *United States v. Boodie*, 590 F. App'x 67, 68 (2d Cir. 2015) ("[U]nder the plain language of § 5K2.23, a downward departure for a discharged term is discretionary . . . ."). Here, petitioner has made no argument, nor is there any indication in the record, that the court would have exercised its discretion to award petitioner credit under this provision, especially given that the court ultimately sentenced petitioner to 46 months below the low end of the Guidelines range.

For the foregoing reasons, amendment of the original petition to add this claim of ineffective assistance of counsel would be futile.

### 3. Conviction for Defrauding a Drug Screening Test

Petitioner seeks to add a claim that he received ineffective assistance because counsel failed to object to the court's alleged improper assignment of criminal history points for his 12 September 2005 conviction for defrauding a drug screening test (PSR ¶ 27) pursuant to U.S.S.G. § 4A1.2(c)(1) and (2). Petitioner's claim is without merit.

Section 4A1.2(c)(1) specifies that the sentences for certain misdemeanor and petty offenses,[18] and offenses similar to those listed, are not to be counted as prior sentences where the sentence received was for a term of probation of one year or less or imprisonment of less than 30 days. U.S.S.G § 4A1.2(c)(1). This provision has no application to petitioner's sentence because the offense of defrauding a drug screening test, or similar offense, is not listed, and, even if it were, petitioner received a term of imprisonment of 60 days for this offense (PSR ¶ 27).

Section 4A1.2(c)(2) lists additional misdemeanor and petty offenses to be excluded but which are not subject to a qualification of the length of the sentence imposed. However, as with § 4A1.2(c)(1), the offense of defrauding a drug screen is not listed, nor is it similar to any of those that are.[19] Because the court finds that this proposed claim is without merit, amendment would be futile.

---

[18] The offenses listed are: careless or reckless driving; contempt of court; disorderly conduct or disturbing the peace; driving without a license or with a revoked or suspended license; false information to a police officer; gambling; hindering or failure to obey a police officer; insufficient funds check; leaving the scene of an accident; non-support; prostitution; resisting arrest; and trespassing. U.S.S.G. § 4A1.2(c)(1).

[19] The offenses listed are: fish and game violations; hitchhiking; juvenile status offenses and truancy; local ordinance violations (except those violations that are also violations under state criminal law); loitering; minor traffic infractions (*e.g.*, speeding); public intoxication; and vagrancy. U.S.S.G. § 4A1.2(c)(2).

#### 4.  Credit for a Term of Imprisonment Pursuant to U.S.S.G. § 5G1.3

Finally, petitioner seeks to assert an ineffective assistance of counsel claim on the grounds that counsel did not object to the court's alleged failure to give him credit for the period of imprisonment he served on his 29 June 2006 state conviction for attempted trafficking in cocaine by possession (PSR ¶ 28) pursuant to U.S.S.G. § 5G1.3.  However, as previously discussed, § 5G1.3 provides for credit only for a period served on an undischarged term of imprisonment, and the term of imprisonment for this state offense was discharged on 19 August 2009.  (PSR ¶ 28).  Accordingly, U.S.S.G. § 5G1.3 is inapplicable to this state offense.  As also discussed above, while U.S.S.G. § 5K2.23 would permit the court, in its discretion, to award credit for this discharged sentence, there is, again, no indication in the record that the court would have exercised its discretion to award petitioner credit under the circumstances of this case.  Accordingly, petitioner's proposed claim of ineffective assistance on this ground is without merit.

### CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion (D.E. 123) to amend be DENIED, the government's motion (D.E. 115) to dismiss be GRANTED, and the § 2255 petition (D.E. 109) be DISMISSED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel.  Each party shall have until 9 June 2016 to file written objections to the Memorandum and Recommendation.  The presiding district judge must conduct her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further

evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

Any response to objections shall be filed within 14 days after the filing of the objections.

SO ORDERED, this 26th day of May 2016.

_____
James E. Gates
United States Magistrate Judge